IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Tina McCutchen** | | |
| | Name: First | Middle | Last |
| Debtor 2 | | | |
| (Spouse, if filing) | Name: First | Middle | Last |
| Case number: | **20-81538** | | |
| (If known) | | | |

Check if this is an amended plan ☐
Amends plan dated: _____

# Chapter 13 Plan

## Part 1. Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

## Part 2. Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

**$125** per **Month** for **60** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☑ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to: **First Choice Personnel LLC**
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

**2.3** Income tax refunds and returns. *Check one.*

- [x] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows: _____
- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4 Additional Payment** *Check all that apply.*
- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts.** *Check one.*
- [x] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, claim modification, and hearing on valuation.** *Check one.*
- [x] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims.** *Check one.*
- [ ] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- [x] The claims listed below:
    1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
    2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
    3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Cash Express, LLC | $16.00 | $1,669.73 | 2008 Suzuki XL-7 | $1,600.00 | 5.25% | $109.00 | |

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*
- [x] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.** *Check one.*
- [x] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor | Tina McCutchen | Case number | 20-81538 | Eff (01/01/2019) |

## Part 4: Treatment of Fees and Priority Claims

**4.1 General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3 Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,500.00**. The amount of the attorney fee paid prepetition is $**119.00**. The balance of the fee owed to Debtor(s)' attorney is $**3,381.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4 Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5 Domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2 Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☑ Base Plan. This plan proposes to pay $ **7,500.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

| Debtor | Tina McCutchen | Case number | 20-81538 | Eff (01/01/2019) |
|---|---|---|---|---|

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

6.2   The executory contracts and unexpired leases listed below are rejected: *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

## Part 7: Sequence of Payments

7.1   Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of the Estate

8.1   Property of the estate will vest in Debtor(s) *(check one)*:

☑ Upon plan confirmation.

☐ Upon entry of Discharge

## Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X   /s/ Tina McCutchen                            Date   **July 15, 2020**
    Tina McCutchen

X   _____               Date

Signature of Attorney for Debtor(s):
X   /s/ John C. Larsen                            Date   **July 15, 2020**
    John C. Larsen
    1733 Winchester Road
    Huntsville, AL 35811
    256-859-3008

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

In Re: Tina McCutchen )
SSN: XXX-XX-9703 ) Case No. 20-81538-CRJ-13
)
) Chapter 13
)
Debtor(s). )
)

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Chapter 13 Plan has been served upon all creditors listed on the matrix electronically or by depositing copies for the creditors listed below in the United States Mail, properly addressed and postage prepaid, on this the 15th day of July, 2020.

A copy was served electronically on Michele Hatcher, Chapter 13 Trustee, on this the 15th day of July, 2020

/s/ John C. Larsen

| Label Matrix for local noticing | U. S. Bankruptcy Court | Alliant Capital Mgmt, LLC |
|---|---|---|
| 1126-8 | 400 Well Street | 3840 E Robinson Rd. #202 |
| Case 20-81538-CRJ13 | P. O. Box 2775 | Buffalo, NY 14228-2001 |
| NORTHERN DISTRICT OF ALABAMA | Decatur, AL 35602-2775 | |
| Decatur | | |
| Wed Jul 15 11:52:44 CDT 2020 | | |
| Alteon Health | Business Revenue Systems | Capital Accounts |
| P.O. Box 19000 | P.O Box 579 | Attn: Bankruptcy Dept |
| Belfast, ME 04915-4085 | Burlington, IA 52601-0579 | Po Box 140065 |
| | | Nashville, TN 37214-0065 |
| Capital One | Cash Express, LLC | Check n Go |
| Attn: Bankruptcy | 2605 S Broad St. | P.O. Box 18209 |
| Po Box 30285 | Scottsboro, AL 35769-7425 | Cincinnati, OH 45218-0209 |
| Salt Lake City, UT 84130-0285 | | |
| Credit Central | (p)FROST ARNETT | Highlands Medical Center |
| 444 Eastern Plaza Shop Center | BANKRUPTCY DEPARTMENT | 7037 Old Madison Pike NW |
| Newport, TN 37821-3108 | PO BOX 198988 | Suite 450 |
| | NASHVILLE TN 37219-8988 | Huntsville, AL 35806-2107 |
| Lclmngmntllc | Local Finance | MLR Solutions Inc. |
| 242 South Broad Street | 242 S. Broad St. | P.O. Box 505 |
| Scottsboro, AL 35768-1731 | Scottsboro, AL 35768-1731 | Linden, MI 48451-0505 |
| The Orthopaedic Center | World Acceptance/World Finance | John C. Larsen |
| 927 Franklin St | Attn: Bankruptcy | Larsen Law, P.C. |
| 4th Floor | Po Box 6429 | 1733 Winchester Rd |
| Huntsville, AL 35801-4305 | Greenville, SC 29606-6429 | Huntsville, AL 35811-9190 |
| Michele T. Hatcher | Tina McCutchen | |
| Chapter 13 Trustee | 617 Walsh St. | |
| P.O. Box 2388 | Scottsboro, AL 35768-4025 | |
| Decatur, AL 35602-2388 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Frost-Arnett
PO Box 198988
Nashville, TN 37219-8988

End of Label Matrix
Mailable recipients    19
Bypassed recipients     0
Total                  19